IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SAMUEL GHEE, IV, | : | |
| Plaintiff, | : | |
| | : | No. 4:23-cv-70-CDL-MSH |
| v. | : | |
| FLEX NORTH AMERICA, INC., *et al.*, | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Pending before the Court is Plaintiff's motion for service of process by the United States Marshals Service ("USMS") (ECF No. 5). According to Plaintiff, his requests for waiver of service have not been returned by Defendants. Pl.'s Mem. In Supp. of Mot. for Serv. 1-2, ECF No. 5-1. Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis [("IFP")] under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Fed. R. Civ. P. 4(c)(3). Here, Plaintiff paid the filing fee and is not proceeding IFP or as a seaman. Therefore, whether to order service by USMS is in the court's discretion. *See Daker v. Ward*, No. 7:20-CV-00113-HL-TQL, 2023 WL 3205329, at *1-2 (M.D. Ga. May 2, 2023) (denying motion for service by USMS where the plaintiff-prisoner was not proceeding IFP and did not demonstrate an inability to perfect service).

Plaintiff has not presented any grounds to show he is incapable of perfecting service.

Therefore, his motion for service by USMS is **DENIED**.  To the extent Plaintiff seeks reimbursement for the expenses of perfecting service under Rule 4(d)(2), that is a matter that can be addressed upon proper motion after service is obtained.

      **SO ORDERED**, this 9th day of June, 2023.

                                           /s/ Stephen Hyles
                                           UNITED STATES MAGISTRATE JUDGE