```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

SAMUEL GHEE,                         *

    Plaintiff,                   *

vs.                                  *
                                           CASE NO. 4:23-cv-70
FLIX NORTH AMERICA, INC.,            *
parent company of GREYHOUND
LINES, INC., GEORGE MOORE,           *
personal capacity, and ISSAC
SANCHEZ, personal capacity,          *

    Defendants.

## O R D E R

Presently pending before the Court are Plaintiff's motion to vacate (ECF No. 56) the Court's previous order and his motion to disqualify the undersigned (ECF No. 57). For the reasons that follow, both motions are denied. Plaintiff also filed a Notice to Cease and Desist (ECF No. 69). To the extent that Plaintiff intended this to be a motion, it is denied.

## BACKGROUND

Plaintiff Samuel Ghee brought this action after being denied reentry onto a Greyhound bus when the driver called the police regarding his alleged behavior. This Court previously entered an order (the "Order") (ECF No. 46) which, among other things, granted the motions to dismiss filed by Defendants Flix and Greyhound. Plaintiff later filed a motion for the Court to reconsider the Order, which was denied.

DISCUSSION

## I. Motion to Vacate

Plaintiff has now filed a motion to vacate the Order pursuant to Federal Rule of Civil Procedure 60(b)(3) and 60(d)(3). Rule 60(b)(3) allows the Court to "relieve a party . . . from a[n] . . . order . . . for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. Proc. 60(b)(3). Similarly, Rule 60(d)(3) states that the other provisions of Rule 60 do "not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. Proc. 60(d)(3).

Plaintiff argues that the undersigned "is a willful participant in [an] ongoing conspiracy" to aid the Defendants in a way that amounts to fraud. Pl.'s Mem. in Supp. of Pl.'s Mot. to Vacate 7, ECF No. 56-1. His evidence for this is (1) that the Court was obviously wrong to have ruled against the Plaintiff in its Order on his various motions, such that the Order must be the product of "explicit/implicit biases and prejudices" against the Plaintiff, and (2) that the Court exhibited bias against the Plaintiff by not certifying the Order for immediate review nor stopping Plaintiff from appealing the Order, which resulted in his appeal being dismissed by the Court of Appeals for the Eleventh Circuit for lack of jurisdiction. *Id.* at 2; Pl.'s Mot. to Vacate 2, ECF No. 56.

To begin, the Court finds, as it did in its previous order denying Plaintiff's motion for reconsideration, that the Plaintiff has not demonstrated that the Court made a clear error of law or fact in its Order. Further, Plaintiff's belief that the Court got it wrong does not amount to evidence that the Court acted fraudulently or conspired with Defendants to deny Plaintiff his rights. The Court's Order was not a product of bias and prejudice merely because the Plaintiff disagrees with the outcome. Plaintiff's disagreement with the Order does not establish that it was the product of fraud, misrepresentation, or misconduct.

Plaintiff's argument regarding his attempted appeal of the Order is also without merit. The Federal Rules of Civil Procedure provide that "the court *may* direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. Proc. 54(b) (emphasis added). In all other cases, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." *Id.*

The Order did not adjudicate Moore and Sanchez's claims. Accordingly, it was not a final judgment. Plaintiff was not entitled to immediate review of the Order, and it is not the Court's role to advise Plaintiff of when an order is or is not

3

appealable. The fact that the Court did not certify the Order for immediate review and did not advise Plaintiff that he could not yet appeal that Order does not demonstrate fraud, misrepresentation, or misconduct that would warrant vacating the Order pursuant to Federal Rule of Civil Procedure 60(b)(3) or 60(d)(3).

## II. Motion to Disqualify

Plaintiff has also filed a motion to disqualify the undersigned pursuant to 28 U.S.C. § 144, styled as a "motion to recuse." Because Plaintiff's affidavit in support of his motion is insufficient on its face and because his alleged evidence of bias consists of his dissatisfaction with the Court's legal rulings, his motion is denied.

Section 144 requires disqualification if a judge has personal bias or prejudice either against a party or in favor of an adverse party. 28 U.S.C. § 144. To initiate a motion for disqualification pursuant to § 144, the party must file a "timely and sufficient" affidavit stating the facts and reasons for the party's belief of bias or prejudice. *Id.* Section 144 contemplates initial screening of a party's recusal affidavit in order to prevent manipulation of the judicial system by disgruntled litigants. *See Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.,* 517 F.2d 1044, 1051 (5th Cir. 1975) ("Once the motion is filed under § 144, the judge must pass on the

4

legal sufficiency of the affidavit.")[1]  And, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States,* 510 U.S. 540, 555 (1994).

First, Plaintiff's affidavit merely affirms as true the statements made in his motion for disqualification and accompanying memorandum in support of that motion.  Ghee Aff. ¶¶ 1-2, ECF No. 57-2.  In his motion and memorandum, Plaintiff argues that because he disagrees with the Court's rulings in favor of the Defendants in the Order, and because the Court did not certify the Order for immediate review by the Court of Appeals for the Eleventh Circuit, then the Court is biased in favor of the Defendants. He states that the undersigned "appears overtly quick to side for the defense instead of remaining a neutral party" and his true gripe appears to be that the Court has ruled against him.  Pl.'s Mem. in Supp. of Pl.'s Mot. to Disqualify 7, ECF No. 57-1.  These disagreements with the Court's judicial rulings and with the Court not certifying the Order for immediate review plainly do not constitute a sufficient basis for the undersigned to be disqualified.  Accordingly, Plaintiff's affidavit in support of

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

5

his motion is insufficient on its face and therefore his motion is denied.

### III. Notice to Cease and Desist

Plaintiff also filed a "Notice to Cease and Desist" (ECF No. 69). In this document, he again requests the undersigned to remove himself from this action. He appears to argue that the undersigned and the Defendants have violated 42 U.S.C. § 1985 by conspiring to deprive him of his constitutional rights. This claim is frivolous as a court is not conspiring with a party merely because it issues a ruling favorable to that party. The Court's orders do not constitute a conspiracy interfering with the administration of justice in the federal courts, as Plaintiff asserts, but rather these orders are the administration of justice in this federal court.

Plaintiff also included in this notice a "Self-Executing Agreement" stating that, by receiving this notice, the Court and the opposing parties agree to pay him "$1.5 million" among other damages if the Court and the Defendants do not cease and desist this alleged misconduct. Pl.'s Notice to Cease and Desist 5-6, ECF No. 69. As stated, the conspiracy that Plaintiff alleges simply does not exist, and he has presented no evidence that such a conspiracy exists. The Court is not engaging in misconduct by ruling against Plaintiff. This supposed "agreement" is not binding

6

on the Court or the Defendants. To the extent this notice was intended to be a motion for relief, it is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to vacate (ECF No. 56) and disqualify (ECF No. 57) are denied. To the extent that Plaintiff intended his Notice to Cease and Desist (ECF No. 69) to be a motion, it is also denied.

To clarify any possible misunderstanding or confusion, Plaintiff is further notified that this action is not over, and he is still responsible for prosecuting his claims against Defendants Moore and Sanchez, including by responding to their motion for summary judgment. Of course, Defendants must also respond to Plaintiff's motion for judgment as a matter of law, construed by this Court as a motion for summary judgment.

IT IS SO ORDERED, this 5th day of April, 2024.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA