```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION
```

SAMUEL GHEE,                          *

    Plaintiff,                     *

vs.                                   *
                                          CASE NO. 4:23-cv-70 (CDL)
GEORGE MOORE, personal              *
capacity, and ISSAC SANCHEZ,
personal capacity,                    *

    Defendants.                    *

## O R D E R

Pending before the Court are Defendants' motion for summary judgment (ECF No. 62) and Plaintiff's motion for judgment as a matter of law (ECF No. 68). For the reasons that follow, the Court grants Defendants' motion and denies Plaintiff's motion.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence

---

[1] The Court also reviewed Plaintiff's two "notices." In the first notice, Plaintiff asserts that the Court has no jurisdiction over this action because Plaintiff's previous motion to disqualify the undersigned and his motion to vacate "have not been refuted nor rebutted." Pl.'s Notice, ECF No. 71. The Court, though, denied both motions in a previous order (ECF No. 70). Plaintiff's second notice (ECF No. 74) appears to be a duplicate of Plaintiff's motion for judgment as a matter of law.

is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).[2] A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.* However, when video evidence "obviously contradicts [the non-moving party's] version of the facts, [the Court] accept[s] the video's depiction instead of [the non-moving party's] account. *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010).

FACTUAL BACKGROUND

With these principles in mind, the record reveals the following facts. On December 6, 2022, Plaintiff Samuel Ghee was returning home from Selma, Alabama on a Greyhound bus to Atlanta, Georgia. Ghee asserts that he was conversing at a normal volume with the passenger seated next to him. But the bus driver, Shonda Kennan, called 911 when the bus stopped in Columbus, Georgia, stating that she needed to "put a man off the bus" who was "being

---

[2] Plaintiff's motion is styled as a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). Rule 50(a) only applies when "a party has been fully heard on an issue during a jury trial," which has not occurred here. Fed. R. Civ. Proc. 50(a)(1). Considering the procedural posture of this action, and the fact that "[i]n essence, . . . the inquiry under" Rule 50 and Rule 56 "is the same," the Court evaluated Plaintiff's motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Anderson*, 477 U.S. at 251.

rude, talking to [her] any kind of way," and "said [she] cannot put him off the bus." Audio of 911 Call Recording at 00:20-00:30, on file with the Court.[3] According to Ghee, Kennan "made an unnecessary 911 call" containing "false statements about Plaintiff." Pl.'s Mem. in Supp. of Pl.'s Mot. for J. as a Matter of Law 7, ECF No. 68-1 ("Pl.'s Mem.")[4]

Columbus police officers George Moore and Isaac Sanchez arrived at the Columbus Greyhound Terminal in response to Kennan's 911 call.[5] The entire encounter between Defendants and Ghee is recorded in Moore's body camera footage. Moore and Sanchez spoke to Ghee and Kennan to hear both sides of the story. *See, e.g.*, Moore Body Cam Video at 01:55-02:46; 03:00-03:35; 08:03-08:45, on file with the Court.[6] They did not speak to other bus passengers, though Ghee asked that they do so. Throughout the encounter, Ghee and Kennan argued with each other, raised their voices, and spoke

---

[3] Kennan stated that she did not feel safe with Ghee on the bus because he was being disorderly and would not stop despite her multiple requests and a warning that she would put Ghee off the bus. Kennan Decl. ¶¶ 3-4, 6, 8, ECF No. 64. According to Kennan, Greyhound policy allows a driver "who does not feel safe due to the behavior of a passenger" to pull over in a safe location, call the police, and remove the passenger from the bus. *Id.* ¶ 8.

[4] The Court cites to Ghee's Memorandum because the only affidavit or declaration that Ghee filed pertaining to the motions currently pending before the Court was an affidavit which stated that all facts and statements contained in his Memorandum were "made in good faith to be true, correct, complete, and [] presented with personal knowledge and not meant to be misleading." Ghee Aff. 1, ECF No. 68-2.

[5] Defendant Sanchez's first name is misspelled in the caption of the Complaint as Issac instead of Isaac.

[6] The times cited throughout this Order are the minutes and seconds from the start of the video clip, not the times from the video's time stamp.

over each other. *Id.* at 01:55-02:46. Ghee called Kennan an idiot, said she was mentally disturbed, and told her not to "backstab" him. *Id.* at 05:04; 05:19; 07:17-07:18. Defendants assert that the behavior they observed from Ghee at the scene was consistent with what Kennan reported. Moore Decl. ¶ 5, ECF No. 65, Sanchez Decl. ¶ 5, ECF No. 66.

Defendants maintain that Kennan made the decision not to allow Ghee back onto the bus, not them, and that their role was merely to maintain security and prevent a physical altercation. *Id.* In the video footage, Defendants and Kennan consistently relayed this message to Ghee. *See, e.g.*, Moore Body Cam Video at 01:35 (Moore: "She said she don't want you on this bus."); 02:00 (Kennan: "I am kicking you off this bus"); 03:35-03:36 (Moore: "She's putting you off the bus not me"); 08:35-09:15 (Sanchez explaining to Ghee that Greyhound is a private business that can refuse service); 15:38 (Moore: "they wanted you off the bus").

Defendants ensured that Ghee could retrieve his luggage. *Id.* at 08:35-09:15. Moore expressed concerns about Ghee being stuck in Columbus. *See, e.g.*, *Id.* at 02:37 (Moore: "what is y'all's policy on just dropping people off?"); 03:47 (Moore: "How is he going to get where he's going?"); 06:54 (Moore: "I can't just let you leave him here"). Both Defendants attempted to help Ghee secure transportation from Columbus to Atlanta. *Id.* at 06:46 (Moore asks if Ghee can get on another bus currently parked at the

4

terminal); 12:55-14:30 (Moore and Sanchez ask another Greyhound driver how Ghee can get on another bus, with Moore asking if he will get a free ride or have to pay).

Ultimately, Defendants told Ghee he would need to call Greyhound's 800 number to inquire about the next bus to Atlanta, and they gave him their names and badge numbers before leaving the terminal.  *Id.* at 16:05 to 16:44.  This is the sum total of Defendants' interactions with Ghee.  Defendants assert, and Ghee does not dispute, that neither Defendant physically touched Ghee, physically removed him from the bus, physically restrained him, searched him, arrested him, displayed handcuffs or a weapon, or requested Ghee's identification.  *See also id.* at 09:15 (Sanchez: "You're not going to jail.").

## DISCUSSION

The motions presently pending before the Court both involve two remaining claims in this action: (1) Ghee's claim under 42 U.S.C. § 1983 that Defendants seized him in violation of his Fourth Amendment rights and (2) his claim under § 1983 that Defendants conspired with Greyhound's bus driver to interfere with his Fourth Amendment rights.  In their dueling motions, Ghee and Defendants both argue that there is no genuine dispute of material fact as to these claims, such that they are entitled to judgment as a matter of law.  The Court addresses each claim in turn.

5

I. **Fourth Amendment Claim**

Ghee claims that Defendants unlawfully seized him, in violation of the Fourth Amendment. Ghee does not assert that the officers arrested him or detained him; rather, he contends that Defendants seized him by impairing his "freedom of movement" when they prevented him from reboarding the Greyhound bus. Pl.'s Mem. 5. Defendants argue that they are entitled to qualified immunity on this claim because a reasonable jury could not conclude that they violated Ghee's Fourth Amendment rights, and even if they did, they did not violate clearly established law. The Court agrees with Defendants.

Qualified immunity protects government officials exercising their discretionary functions from suit in their individual capacities unless the party opposing qualified immunity can show that the official's conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Shaw v. City of Selma*, 884 F.3d 1093, 1098-99 (11th Cir. 2018). Here, Ghee does not dispute that Moore and Sanchez acted within their discretionary authority in responding to the 911 call that precipitated their interaction.

The Fourth Amendment prohibits unreasonable seizures. An unreasonable seizure claim, of course, requires a "seizure." The Court finds that there is no genuine dispute of fact here that would authorize a reasonable jury to conclude that Defendants

6

seized Ghee. "A 'seizure' under the Fourth Amendment occurs 'when the officer, by means of physical force or show of authority, terminates or restrains [a person's] freedom of movement, through means intentionally applied.'" *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (quoting *Brendlin v. California,* 551 U.S. 249, 254 (2007)). "[A] person has been 'seized' . . . only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Id.* (alterations in original) (quoting *United States v. Mendenhall,* 446 U.S. 544, 554, (1980)).

Ghee argues that when Defendants told him that he could not get back on the bus because Kennan refused to allow it, they seized him within the meaning of the Fourth Amendment. But this interference with Ghee's preferred method of travel did not constitute a Fourth Amendment seizure. "The fact that a person is not free to leave *on his own terms* at a given moment . . . does not, by itself, mean that the person has been 'seized' within the meaning of the Fourth Amendment." *Chandler,* 695 F.3d at 1199 (emphasis added); *see also Peery v. City of Miami*, 977 F.3d 1061, 1071 (11th Cir. 2020) ("A person who is told to leave one place but 'remains free to go anywhere else that he wishes' can undoubtedly terminate his encounter.") (quoting *Salmon v. Blesser*, 802 F.3d 249, 253 (2d Cir. 2015)).

Here, Ghee was simply not free to leave the scene via the Greyhound bus driven by Kennan. Ghee, though, did not point to any evidence to dispute that he *was* free to terminate the encounter with Defendants and go *anywhere except that bus*. Defendants told Ghee he was not being arrested. They never physically detained him, never displayed handcuffs or a weapon, never told him he could not leave, and never requested his identification. All they did was inform Ghee that Kennan decided he could not get on the bus. There was no physical force or show of authority that would have led a reasonable person in Ghee's shoes to believe that he could not terminate the encounter. Ghee could have left at any time, just not via the bus driven by Kennan. While this situation may have been inconvenient for Ghee, it was not a seizure under the Fourth Amendment.

Finally, even if Ghee could show a seizure, he did not demonstrate that Defendants' conduct violated clearly established law. "A right can be clearly established either by similar prior precedent, or in rare cases of obvious clarity." *Plowright v. Miami Dade Cnty.*, 102 F.4th 1358, 1366 (11th Cir. 2024) (quoting *Brooks v. Warden*, 800 F.3d 1295, 1306 (11th Cir. 2015)). Ghee did not point to a case finding similar conduct unlawful, and nothing in the record suggests that Defendants' conduct was "so bad that case law is not needed to establish that the conduct cannot be lawful." *Id.* at 1367 (quoting *Jones v. Fransen*, 857 F.3d 843, 852

(11th Cir. 2017)). Accordingly, Defendants are entitled to qualified immunity on the § 1983 Fourth Amendment claim.

## II. Conspiracy Claim

Ghee also argues that Defendants conspired with Kennan to violate his Fourth Amendment rights. A § 1983 conspiracy claim requires a showing that the Defendants reached an understanding to deny Ghee his rights which resulted in an actual denial of some underlying constitutional right. *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010). As discussed above, Ghee did not present sufficient evidence for a jury to find that Defendants committed a Fourth Amendment violation. Accordingly, his § 1983 conspiracy claim fails. *See Spencer v. Benison*, 5 F.4th 1222, 1234 (11th Cir. 2021) (reversing the district court's denial of the defendant's summary judgment motion on the plaintiff's § 1983 conspiracy claim because the plaintiff "failed to establish an underlying violation of his constitutional rights").

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 62) is granted and Ghee's motion for judgment as a matter of law (ECF No. 68) is denied.

IT IS SO ORDERED, this 25th day of July, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA